IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARY L. CAMPION,

                Plaintiff,                ORDER

v.

                                            12-cv-734-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                Defendant.

This is a *pro se* action for judicial review brought pursuant to 42 U.S.C. § 405(g). Briefing has now closed. Plaintiff Mary L. Campion contends that the Administrative Law Judge (ALJ") erred in finding that she was not disabled under the statute. Critically, Campion is without legal representation. Upon facial review of the ALJ's decision and based on the limited briefing that Campion has filed, she appears to be requesting the court to recruit counsel after her failed efforts to retain legal representation before filing a complaint in this court. (The attachments at dkt. #9-5 are illustrative.)

Because there appears to be some merit in remanding this case based on the ALJ's findings of moderate limitations in concentration, persistence and pace ("CPP") (AR 18), and because Campion has been unable to obtain counsel on her own, despite trying, the court will grant Campion's request to recruit counsel to represent her on a *pro bono* basis. Indeed, whether the vocational expert has been properly oriented as to these deficiencies is a facial issue that will require further briefing of counsel. Assistance on this issue, among others, would be of value to disposition of this matter.

Accordingly, assuming the court will be successful in recruiting *pro bono* counsel for Campion, the court will stay all deadlines in this matter. The existing motion for summary judgment filed by Campion will also be denied *without* prejudice and with leave

to re-file. Finally, the parties are directed to meet and confer by telephone within two weeks of the Notice of Appearance being filed by Campion's appointed counsel. Before any further briefs are filed in this matter, the parties are to discuss the issues in dispute and, in particular: (1) the ALJ's findings with respect to CPP; and (2) whether a Joint Motion to Remand pursuant Sentence Four of 42 U.S.C. section 405(g) should be filed in light of prevailing Seventh Circuit authority.[1] Failing an agreement to remand, Campion may have ninety (90) days to file a renewed motion for summary judgment.[2] If a Joint Motion to Remand is *not* filed, the parties must notify the court.

ORDER

IT IS ORDERED that:

(1) Campion's request for *pro bono* counsel is GRANTED;

(2) Campion's pending motion for summary judgment (dkt. #8) is DENIED without prejudice;

(3) upon the filing of a notice of appearance for Campion, counsel shall meet and confer consistent with the above; and

(4) failing a joint stipulation to remand, plaintiff may have 90 days to file a renewed motion for summary judgment consistent with local procedure, with a response from defendant due 30 days later, and a reply, if any, from plaintiff due 14 days after filing of the response.

Entered this 9th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] This discussion should be undertaken in light of prevailing Seventh Circuit authority, including *O'Connor–Spinner v. Astrue,* 627 F.3d 614 (7th Cir. 2010), and its more recent decision in *Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014).

[2] Any briefing by the parties should specifically address whether the exceptions in *O'Connor–Spinner* are relevant in this case.